## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

| | |
|---|---|
| **ELIZABETH PATTEN, Individually and on Behalf of the Wrongful Death Beneficiaries of BRANDON PATTEN, Deceased** | **PLAINTIFF** |
| vs. | CAUSE NO.: 1:19cv115-SA-RP |
| **TRACIE MCCORMICK, INC. and JOHN DOES 1-10** | **DEFENDANTS** |
| | **JURY DEMAND** |

## COMPLAINT

**COMES NOW**, the Plaintiff, Elizabeth Patten, by and through counsel, and brings this action against the Defendants, Tracy McCormick Trucking, Inc. and John Does 1-10, and in support thereof, Plaintiff would show as follows:

### PARTIES

1. Plaintiff, Elizabeth Patten, is an adult resident of Itawamba County, Mississippi. Elizabeth Patten is the widow of Brandon Patten.

2. Defendant, Tracie McCormick, Inc. (hereinafter "McCormick Trucking"), is a Tennessee corporation who is not licensed to do business in the State of Mississippi. McCormick Trucking may be served with process through its registered agent, Tracie McCormick, at 5924 New Nashville Highway, Murfreesboro, TN 37129.

3. John Does 1 through 10 are the persons or entities, whether singular or plural, who or which caused or contributed to Brandon Patten's death. Plaintiff avers the identities of the John Doe Defendants are unknown or, if their names are known to Plaintiff, their identities as

{L0188734.DOCX}

proper parties are not known to Plaintiff at this time, and their true names will be substituted by amendment under the Federal Rules of Civil Procedure when ascertained.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. §1332(a). No defendant is a citizen of the same state as the Plaintiff and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper pursuant to §28 U.S.C. §81 and §1391 because a substantial part of the events or omissions giving rise to the claim occurred within the Aberdeen Division of the Northern District of Mississippi.

## FACTUAL BACKGROUND

6. The incident giving rise to this civil action is a motor vehicle collision which occurred on June 6, 2018 and involved a 2013 Mack tractor registered to Tracie McCormick Trucking and operated by Mary Johnson (the "McCormick Mack") and a 2001 Ford Ranger pickup operated by Brandon Patten (the "Patten Ford"). This collision resulted in Mr. Patten's untimely death.

7. On the day in question, there were two separate collisions in the eastbound lanes of Interstate 22 approximately two miles west of MS 25. The first involved the McCormick Mack and a 2004 Dodge Ram pickup. The second collision involved the same McCormick Mack and the Patten Ford.

8. Following the first collision, Mary Johnson, the driver of the McCormick Mack, continued to drive the McCormick Mack in the left eastbound lane and ultimately came to a complete stop in the left eastbound lane.

9. After the first collision, Mary Johnson had a sufficient distance to drive her Mack

{L0188734.DOCX}

tractor and trailer either into the grass median north of the left eastbound lane or onto the emergency lane south of the right eastbound lane, but she inexplicably failed to do so, instead choosing to stop completely within the left eastbound lane.

10. At the time of the subject collision and all relevant times referenced herein, Mary Johnson was an agent or employee of Defendant Tracie McCormick, Inc.

11. Interstate 22 had a posted maximum speed of 70 miles per hour and a posted minimum speed of 40 miles per hour at the time of the collision.

12. Mary Johnson carelessly and recklessly drove the McCormick Mack in the left eastbound lane of Interstate 22 after the collision with the Dodge truck, subsequently creating an immediate hazard to Brandon Patten as he traveled eastbound in the left eastbound lane. Ms. Johnson failed to utilize any warning devices to alert other motorist her vehicle was parked in the left eastbound lane. Further, she was not traveling at the posted minimum speed of 40 miles per hour at the time of the collision with the Patten Ford.

13. After the Patten Ford collided with the rear of the McCormick Mack, Mary Johnson drove her tractor-trailer east for an additional 135 feet before safely entering the grass median and out of the eastbound lanes of traffic.

14. Ms. Johnson's actions indicate the McCormick Mack was operational after two separate collisions, and she could have safely driven the McCormick Mack out of the roadway after the first collision; hence, not creating an immediate hazard to Brandon Patten as he traveled east in the left eastbound lane.

15. The negligence and negligent acts of Defendant and/or Defendant's agents or employees was/were the proximate cause, or a proximate contributing cause, of the aforesaid collision.

{L0188734.DOCX}

16. Brandon Patten suffered serious bodily injury and ultimately died as a result of the collision.

## CAUSES OF ACTION

### COUNT I –NEGLIGENCE

17. Plaintiff, by this reference, adopts and re-asserts all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

18. McCormick Trucking and its employees or agents have a legal duty to exercise reasonable care for the safety of other motorists when operating a vehicle.

19. Mary Johnson, McCormick Trucking's employee or agent, breached that duty and was grossly negligent in the operation of the vehicle she was driving on June 6, 2018. Specifically, Ms. Johnson failed to use due and reasonable care while operating her vehicle, failed to maintain a proper lookout and committed other acts of negligence to be shown at the trial of this case.

20. At the time of said collision, Mary Johnson was acting within the course and scope of her employment with Defendant McCormick Trucking. Accordingly, McCormick Trucking is vicariously liable, pursuant to the doctrine of respondeat superior, for the negligence of its employee or agent.

21. As a result of the aforesaid acts of negligence and negligence *per se* by McCormick Trucking's employee or agent, the decedent suffered and sustained injuries, damages, and/or losses prior to his demise and his wrongful death beneficiaries suffer loss of society and companionship and other damages.

### COUNT II –NEGLIGENCE *PER SE*

{L0188734.DOCX}

20. Plaintiff, by this reference, adopts and re-asserts all the allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

21. The acts of negligence *per se* of Defendant are the proximate cause, or are a proximate contributing cause, of Plaintiff's injuries, damages, and losses. The acts of negligence *per se* committed by Defendant include, but are not limited to, the following:

a) failing to yield to the right of way;

b) failing to keep a proper lookout;

c) failing to be alert while operating a motor vehicle;

d) failing to use due care for the safety of others;

e) driving recklessly in violation of Miss. Code Ann. § 63-3-1201;

f) driving carelessly in violation of Miss. Code Ann. § 63-3-1213;

g) operating her tractor-trailer on an Interstate in Mississippi at a speed of less than 40 mph in violation of Miss. Code Ann. § 63-3-509;

h) failing to stop or park her tractor-trailer off the shoulder of the interstate when it was practical to stop, park or so leave such vehicle off the main traveled part of the interstate in violation of Miss. Code Ann. § 63-3-903;

i) failing to activate her flashers and set out the emergency markers in violation of 49 C.F.R. § 392.22; and

j) other acts of negligence which may be discovered in the course of this litigation.

22. Said failure to comply with the aforementioned Code sections constitutes negligence *per se* because it resulted in the type of harm the statutes were designed to prevent, and Brandon Patten was within the class of persons the statutes were intended to protect.

{L0188734.DOCX}

23. At all time of the said collision, Mary Johnson was acting within the course and scope of her employment with McCormick Trucking. Accordingly, McCormick Trucking is vicariously liable, pursuant to the doctrine of respondeat superior, for the negligence of its employees or agents

24. As a result of the aforesaid acts of negligence and negligence *per se* by McCormick Trucking's employee or agent, the decedent suffered and sustained injuries, damages, and/or losses prior to his demise and his wrongful death beneficiaries suffer loss of society and companionship and other damages.

## DAMAGES

25. Plaintiff, by this reference, adopts and re-asserts all the allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

26. As a proximate consequence, or proximate contributing consequence, of the above described acts of the Defendant, the estate and wrongful death beneficiaries of Brandon Patten suffered and sustained injuries, damages, and losses, including, but not limited to, the following:

    a) conscious pain and suffering of the decedent prior to his demise;

    b) medical expenses of the decedent prior to his demise;

    c) funeral expenses;

    d) net present value of lost future earnings and lost household production;

    e) loss of society and companionship; and

    f) other losses and damages which may be shown upon the trial of this action.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants in an amount to be determined by jury, along with pre-judgment and post-judgment interest
{L0188734.DOCX}

as well as all costs in pursuing this action. Plaintiff requests such other relief as the Court may deem her to be entitled.

                                      Respectfully Submitted,

                                      **ELIZABETH PATTEN**

By: _____
                                      CASEY LOTT, MBN 101766
                                      THOMAS O. COOLEY, MBN 103991
                                        Attorneys for Plaintiff

**LANGSTON & LOTT, PLLC**
100 South Main Street
Post Office Box 382
Booneville, MS 38829-0382
Telephone: 662-728-9733
Facsimile: 662-728-1992
Email: clott@langstonlott.com
         tcooley@langstonlott.com

{L0188734.DOCX}